IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSE SANTOS RODRIGUEZ VENEGAS, <br><br> Plaintiff, <br><br> v. <br><br> DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, <br><br> Defendant. | 8:25CV82 <br><br> MEMORANDUM AND ORDER |

    Plaintiff Jose Santos Rodriguez Venegas ("Rodriguez Venegas") is a Mexican national who has resided in the United States for nearly two decades. On September 21, 2023, Rodriguez Venegas became a victim of a domestic-violence incident in Sherman, Texas. On March 18, 2024, he filed an I-918 Petition for U Nonimmigrant Status and a Form I-765 Application for Employment Authorization with United States Citizenship and Immigration Services ("USCIS"). *See Caballero-Martinez v. Barr*, 920 F.3d 543, 545 (8th Cir. 2019) (explaining a U visa "is a type of non-immigrant visa available to crime victims who assist law enforcement"); 8 U.S.C. §§ 1101(a)(15)(U)(i), 1184(p).

    He eventually filed this *pro se* complaint (Filing No. 1) on February 13, 2025, claiming the USCIS has yet to adjudicate those requests in any way. In particular, he complains the USCIS has failed to issue a bona fide determination and employment authorization document that would allow him to work while his U-visa application is pending. *See* 8 U.S.C. § 1184(p)(6) (stating the Secretary of Homeland Security "may grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U) of this title"). Rodriguez Venegas asserts that delay violates the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, and asks the Court to order the USCIS to "to make *bona fide* determinations and decisions on the pending work authorization applications within 14 days." *See*

*Telecomms. Rsch. and Action Ctr. v. FCC*, 750 F.2d 70, 79-80 (D.C. Cir. 1984) (explaining when unreasonable delay of agency action warrants mandamus relief).

Now before the Court is the USCIS Director's (the "Director") Motion to Dismiss (Filing No. 5) Rodriguez Venegas's complaint for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). For the reasons explained in *Patel v. Director, USCIS*, 8:25CV59, Filing No. 18 (D. Neb. June 11, 2025), the Court agrees with the Director that 8 U.S.C. § 1252(a)(2)(B)(ii) bars the Court from considering Rodriguez Venegas's claim.[1] Because the Court lacks jurisdiction over this matter,

IT IS ORDERED:

1. The Director of United States Citizenship and Immigration Services's Motion to Strike (Filing No. 9) is denied.
2. The Director's Motion to Dismiss (Filing No. 5) pursuant to Federal Rule of Civil Procedure 12(b)(1) is granted.
3. Plaintiff Jose Santos Rodriguez Venegas's complaint (Filing No. 1) is dismissed without prejudice.
4. Rodriguez Venegas's Motion for Partial Summary Judgment (Filing No. 13) is denied as moot.
5. A separate judgment will issue.

Dated this 11th day of June 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

---

[1] Rodriguez Venegas filed a late opposition (Filing No. 8) to the Director's motion to dismiss on May 7, 2025. *See* NECivR 7.1(b)(1)(B) (generally giving a party fourteen days to oppose a motion to dismiss). The Director moved to strike (Filing No. 9) that response due to Rodriguez Venegas's failure to follow the local rules. *See* NECivR 7.1(b)(1)(B), (d)(4), (5). However, the Court considered a nearly identical response brief in ruling on the same jurisdictional issue in *Patel* (Filing No. 8 in Case No. 8:25CV59). Because those arguments have already been accounted for, the Director's motion to strike will be denied.